# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RECEIVED
JAN 13 2026
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SHOMARI BOWENS,

Plaintiff,

v.

CITY OF MINNEAPOLIS;

HENNEPIN COUNTY;

RASHIDA HILL, individually and in her official capacity;

MICHAEL WOLF, individually and in his official capacity;

JOHN AND JANE DOES 1–10,

Defendants.

Case No.: 26-cv-268-JMB/SGE

SCANNED
JAN 13 2026
U.S. DISTRICT COURT MPLS

**VERIFIED COMPLAINT FOR:**

• Declaratory Relief

• Injunctive Relief

• Temporary Restraining Order & Preliminary Injunction

• Compensatory and Punitive Damages

(42 U.S.C. § 1983; U.S. Const. Amends. IV, V, VIII, XIV)

JURY DEMAND

## I. INTRODUCTION

1. This is not an appeal of a state-court judgment.

2. This action challenges independent, ongoing, and post-judgment constitutional violations committed by Defendants after and outside any state-court adjudication.

3. Plaintiff seeks prospective injunctive relief, damages for extra-judicial conduct, and protection from irreparable harm, including unlawful eviction, dispossession, and transfer of title without due process.

## II. JURISDICTION & VENUE

4. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343.

5. This Court has authority under 42 U.S.C. § 1983.

6. Venue is proper under 28 U.S.C. § 1391(b).

## III. PARTIES

7. Plaintiff Shomari Bowens is the longtime owner and current occupant of 2424 Aldrich Ave N.

8. Defendant City of Minneapolis operates the Vacant Building Registration program.

9. Defendant Hennepin County administers tax-forfeited land and eviction enforcement.

10. Defendant Rashida Hill issued the Notice to Vacate and Buy-Back Notice dated October 9, 2025.

11. Defendant Michael Wolf executed service and enforcement actions related to dispossession.

12. Doe Defendants are municipal actors whose identities will be confirmed in discovery.

## IV. FACTUAL ALLEGATIONS

### A. Occupancy & No Eviction Order

13. Plaintiff currently occupies the property.

14. No court-ordered eviction or writ of recovery exists.

15. Defendants issued a Notice to Vacate absent judicial authorization.

### B. Post-Judgment Enforcement Abuse

16. After December 22, 2025, Defendants escalated enforcement outside court supervision.

17. Defendants threatened eviction, demanded surrender of keys, and initiated coercive buy-back negotiations.

18. These acts constitute independent executive action, not judicial enforcement.

## C. Coercive Buy-Back = Evidence of Constitutional Injury

19. Defendants simultaneously:
    - claimed absolute title
    - threatened eviction
    - offered repurchase

20. This conduct demonstrates coercion, leverage abuse, and unconstitutional taking.

## V. CLAIMS FOR RELIEF

## COUNT I — Procedural Due Process

(42 U.S.C. § 1983 — Fourteenth Amendment)

21. Defendants deprived Plaintiff of possessory rights without notice, hearing, or court order.

22. Extra-judicial eviction threats violate due process.

## COUNT II — Unlawful Seizure

(42 U.S.C. § 1983 — Fourth Amendment)

23. Constructive eviction and coercive dispossession constitute an unreasonable seizure.

## COUNT III — Takings Clause

(42 U.S.C. § 1983 — Fifth & Fourteenth Amendments)

24. Threatened dispossession and forced repurchase constitute a taking without just compensation.

## COUNT IV — Excessive Fines

(Eighth Amendment)

25. VBR penalties, compounded assessments, and coercive leverage are punitive and disproportionate.

## COUNT V — Monell Liability

26. Defendants acted pursuant to municipal policy, custom, or practice.

## VI. Rooker-Feldman / TIA SAFE HARBOR

VII. Plaintiff does not seek:
- reversal of state judgment
- review of state court errors
- tax refund adjudication

VIII. Plaintiff seeks relief from post-judgment executive conduct, which federal courts have jurisdiction to enjoin.

## VII. IRREPARABLE HARM

29. Plaintiff faces:
    - loss of home
    - loss of possession
    - forced displacement
    - irreversible title transfer

30. No monetary remedy is adequate.

## VIII. PRAYER FOR RELIEF

Plaintiff requests:

A. Temporary Restraining Order

B. Preliminary Injunction prohibiting:

- eviction
- enforcement
- transfer or sale
- alteration of title

C. Declaratory relief

D. Compensatory damages

E. Punitive damages

F. Attorneys' fees (§ 1988)

G. Any further relief deemed just

## IX. JURY DEMAND

Plaintiff demands trial by jury.

## X. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 13, 2025

Shomari Bowens

Plaintiff, Pro Se

2424 Aldrich Ave N

Minneapolis, MN 55411