UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shomari Bowens, | Case No. 26-cv-0268 (JMB/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, Hennepin County, Rashida Hill, and Michael Wolf, and John and Jane Doe 1–10, | |
| Defendants. | |

This case is before the Court on Plaintiff Shomari Bowens's Motion to Proceed In Forma Pauperis, Dkt. No. 2 ("IFP Application"), and accompanying declaration, Dkt. 3 ("Bowens Declaration"). For the reasons below, the Court denies the application without prejudice.

"The central question [when assessing an application to proceed *in forma pauperis* ('IFP')] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)); *see also, e.g.*, *Mays v. Glob. Health Link*, No. 25-CV-4676 (DWF/DJF), 2025 WL 3755670, at *1 (D. Minn. Dec. 29, 2025) (quoting *Ayers*).

Bowens reports receiving $3,000 per month in income. *See* Bowens Decl. 1. Bowens states that this income is "inconsistent and unreliable," but because he indicates no dependents, his reported income exceeds 200 percent of the federal poverty line for one-

person families in the State of Minnesota. S*ee generally* IFP Appl., Bowens Decl. On this record, the Court cannot find that denying Bowers IFP status would cause undue hardship or deprive him of life's necessities. The Court therefore denies the IFP Application.

The Court is denying the IFP Application *without prejudice*, however, meaning that Bowens can file a new IFP application if he wants and he believes additional information would strengthen his application. Alternatively, he may pay this action's standard filing fee. If he does neither, however, the Court will recommend dismissing this action without prejudice, under Federal Rule of Civil Procedure 41(b), for failure to prosecute.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Shomari Bowens's Motion to Proceed In Forma Pauperis, Dkt. 2, is **DENIED** without prejudice.

2. Within 21 days of this Order's date, Plaintiff must either (1) pay this action's filing fee, or (2) submit a new IFP application. If he does neither, the Court will recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: January 15, 2026                *s/ Shannon G. Elkins*
                                       SHANNON G. ELKINS
                                       United States Magistrate Judge