**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Shomari Bowens,

Plaintiff,

v.

City of Minneapolis; Hennepin County; Rashida Bowens, *individually and in her official capacity*; Michael Wolf, *individually and in his official capacity*,

Defendant.

File No. 26-CV-00268 (JMB/SGE)

**ORDER**

---

Shomari Bowens, Minneapolis, MN, self-represented.

Gregory Patrick Sautter, Office of the City Attorney, Minneapolis, MN, for Defendant City of Minneapolis.

Gregory Patrick Sautter, Office of the City Attorney, Minneapolis, MN, and Jennifer Waters, Hennepin County Attorney's Office, Minneapolis, MN, for Defendants Hennepin County, Rashida Bowens, and Michael Wolf.

---

These matters are before the Court on Plaintiff Shomari Bowens's Motion for Leave to File a Second Amended Complaint (Doc. No. 57 (Motion to Amend)); Defendant City of Minneapolis, Defendant Hennepin County, Defendant Rashida Bowens, and Defendant Michael Wolf's (together, "Defendants") motions to dismiss the First Amended Complaint (Doc. Nos. 36, 43); Bowens's Motion for an Extension of Time (Doc. No. 81); Bowens's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 63); and Bowens's Motion for Leave to File a Reply (Doc. No. 91.) For the reasons set forth below, the Court denies Bowens's motions and grants Defendants' motions.

## BACKGROUND

On January 13, 2026, Bowens filed his original Complaint, alleging that Defendants were violating his constitutional rights by attempting to dispossess him of property that he owned at 2424 Aldrich Ave. N. (the Property). (*See generally* Doc. No. 1.) Bowens was seeking declaratory, injunctive, and compensatory relief for the alleged violations. (*Id.*) Bowens then filed a filed a First Amended Complaint (FAC) on February 3, 2026.[1] (Doc. No. 5 (hereinafter, FAC).) Bowens's FAC did not add any additional counts, but did include additional factual allegations, additional requests for relief, and contained slightly more legal argument. (*Compare* Doc. No. 1 *with* FAC.) Specifically, Bowens alleges that Defendants "issued notices, demands and communications asserting authority to dispossess Plaintiff, compel surrender, or force repurchase of property" but that Defendants communicated this to Bowens without "judicial authorization" and are subsequently depriving him of a "judicial process" to challenge Defendants' enforcement authority. (*See* FAC at 3.) Bowens asserts claims of Fourteenth Amendment, Fourth Amendment, Fifth Amendment, and Eighth Amendment violations and seeks relief pursuant to 42 U.S.C. § 1983. (*Id.* at 4–6.) About one week after filing his FAC Bowens also filed a motion for a preliminary injunction and temporary restraining order, which the Court denied. (*See* Doc. Nos. 9–14.)

In lieu of answering the FAC, Defendants filed motions to dismiss the FAC on May 20, 2026. (Doc. Nos. 36, 43.) Defendants raised numerous arguments including lack of

[1] This amendment was permitted pursuant to Federal Rule of Civil Procedure 15(a)(1). (*See* FAC at 1 (labeling the complaint as "Amended Complaint" and citing "Rule 15(a)").)

standing, various grounds on which the Court lacks subject matter jurisdiction, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. Nos. 39, 42.)

On June 8, 2026, Bowens filed his Motion to Amend to file a Second Amended Complaint (SAC).[2] (Doc. No. 57.) The proposed SAC has significantly more factual allegations and legal assertions, culminating in an additional forty-seven pages of argument from what was in Bowens's FAC. (*Compare* FAC *with* Doc. No. 58.) The day after filing his motion to amend, Bowens filed his second Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. No. 63.) A few weeks after that, on June 26, 2026, Bowens also filed a motion for an extension of time to submit additional exhibits for, and file a reply brief to, his motion for leave. (Doc. Nos. 72, 76.) The Court denied Bowens's motion and prohibited him from filing additional exhibits and a reply brief. (*See* Doc. No. 77.) Defendants submitted responses in opposition to both the Motion to Amend and to the Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. Nos. 68, 70, 78–79.)

---

[2] The Court notes that Bowens did not comply with this District's local rule that requires motions to amend the pleadings to be accompanied by not only "a copy of the proposed amended pleading," but also "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographical methods—how the proposed amended pleading differs from the operative pleading." D. Minn. L.R. 15.1(b). Bowens did not provide a document showing what changes he proposes making to the FAC. Bowens also made no attempt to meet and confer with Defendant City of Minnesota about his Motion to Amend, nor did he submit a certificate stating that he attempted to contact them. (*See* Doc. No. 68 at 16.) Failing to comply with these local rules, by itself, justifies denying leave to amend. *See Dunbar v. Wells Fargo Bank*, N.A., 853 F. Supp. 2d 839, 845 n.5 (D. Minn. 2012), *as amended* (Apr. 12, 2012), *aff'd*, 709 F.3d 1254 (8th Cir. 2013). Nevertheless, the Court also addresses the motion on substantive grounds.

On July 22, 2026, Defendants also filed a letter reminding the Court that Bowens's deadline to respond to their motions to dismiss had expired on June 11, 2026, and that Bowens had neither responded nor requested an extension of time. (Doc. No. 80.) Bowens filed his Motion for Extension of Time to submit a response to Defendants' motions to dismiss a few days later. (Doc. No. 81.) Bowens has not filed any response to Defendants' motions to dismiss. On July 30, 2026, Bowens filed a second Motion for Leave to File a Reply. (Doc. No. 91.)

## DISCUSSION

### I. BOWENS'S MOTION TO AMEND THE PLEADINGS

Before considering Defendants' motions to dismiss the FAC, the Court first considers whether Bowens may amend his pleadings and file his SAC. *See Pure County Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 955 (8th Cir. 2002); *see also Hazley v. Roy*, No. 16-CV-3935 (SRN/TNL), 2018 WL 1399309, *5 (D. Minn. March 20, 2018). Rule 15(a)(2) governs Bowens's second attempt to amend his pleadings. That rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants argue that the Court should deny Bowens's motion because amendment would be futile. (Doc. No. 68 at 6–16; Doc. No. 70 at 9–14.) Indeed, courts need not grant leave to amend where a party's proposed amendment would be futile. *E.g.*, *Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 762 F. Supp. 2d 1152, 115 (D. Minn. 2011); *see also Becker v. Univ. of Neb.*, 191 F.3d 904, 907–08 (8th Cir. 1999) (providing that there is no absolute right to amend and that the court may deny a motion to amend upon a showing of, among other things, "futility of amendment").

When considering a futility challenge to a motion to amend, courts consider whether the proposed amended complaint can survive a motion to dismiss for failure to state a claim. *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008). Accordingly, the Court considers whether Bowens's proposed SAC would withstand a challenge under Federal Rule of Civil Procedure 12(b)(6). To withstand a challenge under Rule 12(b)(6), "litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the U.S. Supreme Court in *Iqbal* and *Twombly*." *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2022 WL 1110981, at *6 (D. Minn. Jan. 31, 2022), *report and recommendation adopted*, No. CV 20-1327(DSD/ECW), 2022 WL 766402 (D. Minn. Mar. 14, 2022), *aff'd*, No. 22-2115, 2022 WL 17228817 (8th Cir. July 29, 2022). If a proposed amended complaint does not contain "enough facts to state a claim to relief that is plausible on its face," then courts appropriately deny the motion to amend. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court has reviewed the proposed SAC[3] and determines that it would not survive a motion to dismiss because it fails to state a "short and plain statement of [a] claim

---

[3] When reviewing the efficacy of the allegations, the Court considers only the allegations in the proposed SAC without regard for what may have been alleged in a previous pleading because an amended complaint supersedes a previous complaint and renders the previous complaint "without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000); *see also* D. Minn. L.R. 15.1(a) ("[A]ny amended pleading must be complete in itself and must not incorporate by reference any prior pleading.").

showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Applying Rule 8, courts in this district have repeatedly criticized "shotgun" or "kitchen-sink"-style pleadings, which are pleadings that "lump[] all defendants together and do[] not sufficiently allege who did what to whom." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831–32 (D. Minn. 2012); *Gurman*, 842 F. Supp. 2d at 1153 (noting Rule 8 deficiencies in complaints "in which a plaintiff brings every conceivable claim against every conceivable defendant"); *Tully v. Bank of Am., N.A.*, No. 10-CV-4734 (DWF/JSM), 2011 WL 1882665, at *6 (D. Minn. May 17, 2011) (concluding that plaintiffs' failure to "specify which claims are asserted against any particular defendant" violates Rule 8). Such pleadings are "pernicious" because, among other things, they "shift[] onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Gurman*, 842 F. Supp. 2d at 1153.

The remedies for not satisfying Rule 8 include dismissal of the complaint. *See, e.g.*, *Olson v. Little*, 978 F.2d 1264, 1264 (8th Cir. 1992) (affirming *sua sponte* dismissal of complaint that was "wordy and confusing, and d[id] not provide the district court with the 'short and plain' statement required by the rule [8]."); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (affirming dismissal of pleading that was "unreasonably verbose, confusing, and conclusory"); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983) (affirming dismissal of complaint that was "needlessly long, repetitious and confused [sic]"); *Nygard v. City of Orono*, No. 23-CV-0509 (DWF/DLM), 2024 WL 69927, at *3–4 (D. Minn. Jan. 5, 2024) (observing that 525-paragraph complaint that was "hard to follow, unreasonably lengthy, and poorly organized" violated Rule 8(a) and

concluding that the Court could "dismiss [the] Complaint on this basis alone" (quotation omitted)); *Brown v. Ludeman*, No. 11-CV-2859 (JRT/ECW), 2023 WL 4399079, at *4–6 (D. Minn. July 7, 2023), *report and recommendation adopted*, 2023 WL 5703194 (D. Minn. Sept. 5, 2023) (dismissing 84-page, 274-paragraph complaint, without prejudice, because it set forth "largely conclusory causes of action that incorporate every preceding paragraph," which puts a burden on the court "to select the relevant material from a mass of verbiage" (quotation omitted)); *Naca v. Macalester Coll.*, No. 16-CV-3263 (PJS/BRT), 2016 WL 5842771 (D. Minn. Sept. 30, 2016) (striking 81-page, 250-paragraph complaint that lacked "simple, concise, and direct" allegations); *Gurman*, 842 F. Supp. 2d at 1151 (dismissing 60-page, 250-paragraph complaint for failing to comply with Rule 8).

In this case, the SAC does not satisfy Rule 8 because it contains neither a plain nor concise statement of the claims. Pleadings that are unreasonably long violate Rule 8's short-and-plain-statement rule. *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (more than 600 paragraphs and 240 pages); *Michaelis*, 717 F.2d at 439 (144 paragraphs and 98 pages); *Kuehl v. FDIC*, 8 F.3d 905, 908–09 (1st Cir. 1993) (358 paragraphs and 43 pages). Indeed, "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The SAC is unreasonably lengthy at 318 paragraphs and 52 pages long, and it contains numerous redundant legal conclusions and confusing statements. It cites to almost no legal authority, rarely specifies or distinguishes which defendant is being alleged to have conducted what conduct, and while the SAC refers to a variety of documents and financial statements, there

are no exhibit citations in the SAC, making it almost impossible for the Court to be able to discern which documents are or are not in the factual record.

Therefore, the Court denies Bowens's motion to amend on futility grounds, concluding that the proposed SAC would not survive a motion to dismiss under Rule 8. As a result, the FAC remains the operative pleading.

## II. BOWENS'S LATE MOTION FOR EXTENSION OF TIME

After Defendants filed a letter reminding the Court that Bowens's deadline to respond to their motions to dismiss expired on June 11, 2026 (Doc. No. 80), Bowens filed his Motion for Extension of Time, requesting permission to file his response (Doc. No. 81). Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Whether or not neglect is considered excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's own omission." *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010) (quoting *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005).

Bowens appears to argue that his failure to respond to Defendants' motions to dismiss is excusable neglect because he needed more time to prepare a sufficient response. (*See* Doc. No. 82 at 5–6.) Setting aside that Bowens provides little information beyond conclusory assertions that he needed additional time, Bowens also fails to address why he was unable to file a motion for extension of time before the deadline expired. Bowens makes no argument or suggestion that he was unaware of the deadline or that he misunderstood some aspect of the process for filing a motion for an extension of time. On

the contrary, before Bowens's response was due Bowens had already filed a motion for extension of time related to another matter in this case. (*See* Doc. No. 72.) Bowens's almost six-week delay in filing a motion for extension of time because he was "[p]reparing a meaningful response" is too long of a delay for what is, essentially, a nonresponsive reason. (Doc. No. 82 at 6.) Therefore, the Court does not find Bowens's neglect to be excusable and denies the Motion for an Extension of Time.[4]

## III. DEFENDANTS' MOTIONS TO DISMISS THE FAC

Defendants assert that the Court should dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) on grounds that it fails to state a claim for relief. (Doc. Nos. 39, 42.) The Court agrees with Defendants and grants their Motions to Dismiss for lack of subject matter jurisdiction.

Proper jurisdiction is a prerequisite condition of every matter heard before the Court. *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007); *see also* Fed. R. Civ. P. 12(h)(3) (providing that courts must dismiss any part of lawsuit over which it lacks subject matter jurisdiction). Defendants assert numerous arguments for why the Court lacks jurisdiction over this matter, including that the *Rooker-Feldman* doctrine bars Plaintiff's claims. (Doc. No. 42 at 1–2; Doc. No. 39 at 14–15.) Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over claims that effectively seek

[4] Since filing his Motion for Extension of Time Bowens has also repeatedly filed what appear to be various exhibits and one additional motion without seeking leave from the Court. (*See* Doc. Nos. 85, 88–100, 102–109.) These filings are duplicative, untimely, and procedurally improper; the Court, therefore, denies the motion (Doc. No. 91) and declines to consider the remaining submissions.

review of, or relief from, a state court judgment since a review of such judgement is reserved to the U.S. Supreme Court. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). A complaint must be dismissed under Rule 12(b)(1) when it is barred by the *Rooker-Feldman* doctrine. *Id.* Claims that are "inextricably intertwined" with a state court judgment should also be dismissed under this doctrine. *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996). A federal claim is "inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990).

Bowens pleaded that "[p]rior to the state court judgement on December 22, 2025, Defendants issued notices, demands, and communications asserting authority to dispossess Plaintiff, compel surrender, or force repurchase of the [P]roperty."[5] (FAC at 3.) Bowens then alleges that, as a result of the authority asserted by Defendants, he now remains "under a continuing and present threat of eviction, dispossession, and loss of property without judicial process," and the Defendants' actions are an "abuse of municipal power in violation of constitutional protections." (*Id.* at 3–4.) Defendants argue that the FAC is "plainly bound up in a property dispute that arose (and has been resolved) under Minnesota

[5] In general, "matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss"; however, "documents necessarily embraced by the complaint" are not matters outside of the pleadings. *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). Materials that are "embraced by the complaint" are those "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Here, the FAC explicitly references the December 22, 2025, decision from the Minnesota district court (FAC at 3), and therefore, the decision is embraced by the FAC and the Court may consider its contents.

law in the Minnesota courts." (Doc. No. 42 at 13.) Indeed, Bowens and Defendant City of Minneapolis and Defendant Hennepin County were parties to a Minnesota district court action, that arose from a property and tax dispute regarding the Property, and that involved communications and notices sent from Defendants to Bowens related to forfeiture of the Property. (Doc. No. 46 at 1–6.) The Minnesota district court found that Bowens had already "expressly waived his claims" regarding tax proceedings related to the Property, and it denied Bowens's various motions looking to stay the foreclosure proceedings or to bar any foreclosure action based on improper charges. (Doc. No. 46 at 9–10.) Given the content of the Minnesota district court's judgement, this Court's assumption of jurisdiction over Bowens's FAC would improperly intervene in a civil forfeiture procedure that has already been litigated in state court.

While Bowens has styled his FAC as asserting section 1983 claims as opposed to state law claims, a litigant cannot avoid the jurisdictional bar of the *Rooker-Feldman* doctrine by repackaging the same state law challenges as section 1983 claims. *Bechtold v. City of Rosemont*, 104 F.3d 1062, 1065 (8th Cir. 1997.) As pleaded, in order for Bowens's claims to succeed and for the Court to find that there was a constitutional violation related to the attempted or actual dispossession of the Property, the Court would have to cast aside most, if not all, of the Minnesota court judgement. Therefore, the Court finds that Bowens's FAC is inexplicably intertwined with the December 22, 2025, Minnesota district court judgement and agrees with Defendants that the *Rooker-Feldman* doctrine divests the

Court of its jurisdiction over this matter.[6] Defendants' Motions to Dismiss are granted and this action is dismissed without prejudice.[7]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Shomari Bowens's Motion for Leave to File a Second Amended Complaint (Doc. No. 57) is DENIED.
2. Plaintiff Shomari Bowens's Second Motion for Extension of Time to File Response (Doc. No. 81) is DENIED.
3. Plaintiff Shomari Bowens's additional Motion for Leave to file a Reply (Doc. No. 91) is DENIED as duplicative and procedurally improper.
4. Defendants' Motions to Dismiss (Doc. Nos. 36, 43) are GRANTED.
5. This action is DISMISSED WITHOUT PREJUDICE.
6. Plaintiff Shomari Bowens's Second Motion for Preliminary Injunction & Temporary Restraining Order (Doc. No. 63) is DENIED AS MOOT.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 17, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

[6] Due to the Court's ruling that it lacks jurisdiction over the matter, the Court did not further address Defendants' other arguments for lack of jurisdiction or Defendants' alternative arguments on the merits for failure to state a claim.

[7] Given the Court's ruling on this matter, Bowens's Motion for Preliminary Injunction and Temporary Restraining Order is now moot and shall be denied.